## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| SHALINA STONE, on behalf of herself and all others similarly situated, | |
| Plaintiff, | Case No. 4:23-cv-00291-WMR |
| v. | |
| RCI, LLC, | |
| Defendant. | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

COMES NOW RCI, LLC ("Defendant" or "RCI") and files this Answer ("Answer") to Plaintiff Shalina Stone's ("Plaintiff") Class Action Complaint ("Complaint"). [DE 1.] In support of the below Answer, Defendant states as follows:

## PREAMBLE

Except as expressly admitted herein, Defendant denies each and every allegation contained in the Complaint and specifically denies any liability to Plaintiff or any member of a putative class. Pursuant to Rule 8(b)(6) of the Federal Rules of Civil Procedure, averments in the Complaint to which no responsive pleading is required shall be deemed as denied. Defendant reserves the right to seek to amend and/or supplement this Answer as may be necessary.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, RCI asserts the following affirmative defenses to the Complaint:

1.      Plaintiff lacks standing to bring her claim.

2.      Plaintiff fails to state a claim upon which relief may be granted.

3.      Plaintiff did not suffer any injuries or damages.

4.      To the extent that Plaintiff did suffer injuries or damages, RCI did not actually or proximately cause such injuries or damages.

5.      Any alleged loss or damage that Plaintiff claims to have sustained is speculative and uncertain, and therefore is not compensable.

6.      To the extent that any third party performed any act or engaged in any conduct that violates the TCPA, any such act or conduct was not directed or authorized by RCI.

7.      Any damages allegedly sustained by Plaintiff were caused solely by the acts, omissions, or negligence of others and not by RCI.

8.      The TCPA imposes liabilities, penalties or fines that are so excessive, severe and oppressive as to be obviously unreasonable and wholly disproportionate to any conduct on the part of RCI, and the TCPA therefore violates the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution. The TCPA also violates the due process guarantees and prohibitions on excessive

fines in the constitutions of the various states, including but not limited to Article I, Section I, Paragraph XVII of the Georgia Constitution.

9. The TCPA violates the First Amendment to the United States Constitution because it is more restrictive than necessary to achieve its asserted purposes and has no reasonable relation to any substantial government interest sought to be advanced. The TCPA violates both the First Amendment right of the public to receive, and the First Amendment right of advertisers to deliver, legitimate commercial communications by phone. The TCPA also violates guarantees of freedom of speech in the constitutions of the various states, including but not limited to Article I, Section I, Paragraph V of the Georgia Constitution.

10. To the extent that RCI may have placed, or caused to be placed, the calls identified in the Complaint, which RCI denies, such conduct is not actionable under the TCPA because any such calls were made with Plaintiff's prior express consent.

11. To the extent that RCI may have placed, or caused to be placed, the calls identified in the Complaint, which RCI denies, such conduct is not actionable under the TCPA because RCI can demonstrate that such calls were the result of error and RCI complied with the provisions of 47 C.F.R. 64.1200(c)(2)(i).

12.     To the extent that RCI may have placed, or caused to be placed, the calls identified in the Complaint, which RCI denies, such conduct was at all times reasonable, justified, and in complete good faith.

13.     Any claims for equitable remedies, including injunctive relief, are barred because adequate remedies exist at law to redress any injuries to Plaintiff.

14.     RCI specifically reserves the right to raise additional defenses as they may become known through the course of further investigation and discovery.

## RESPONSES TO ALLEGATIONS IN THE COMPLAINT

## "INTRODUCTION"

1.     RCI admits that Plaintiff purports to bring this action pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* In all other respects, RCI denies the allegations in paragraph 1.

2.     RCI denies the allegations in paragraph 2.

3.     RCI denies the allegations in paragraph 3.

4.     RCI denies the allegations in paragraph 4.

5.     Paragraph 5 contains legal conclusions to which no response is required. Further, paragraph 5 purports to characterize the TCPA, which is a writing that speaks for itself. RCI denies any allegations or inferences inconsistent with the plain language of the TCPA.

6. Paragraph 6 contains legal conclusions to which no response is required. Further, paragraph 6 purports to characterize the TCPA, which is a writing that speaks for itself. RCI denies any allegations or inferences inconsistent with the plain language of the TCPA. In all other respects, RCI denies the allegations in paragraph 6.

7. RCI admits that Plaintiff purports to bring this action on behalf of a putative class. In all other respects, RCI denies the allegations in paragraph 7, including whether class treatment is appropriate in this matter.

## "JURISDICTION AND VENUE"

8. RCI admits the allegations in paragraph 8.

9. Paragraph 9 contains legal conclusions to which no response is required. In all other respects, RCI denies the allegations in paragraph 9.

10. RCI lacks sufficient knowledge and information to ascertain the truth of the allegations in paragraph 10 and, therefore, denies all such allegations.

## "PARTIES"

11. RCI lacks sufficient knowledge and information to ascertain the truth of the allegations in paragraph 11 and, therefore, denies all such allegations.

12. Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, RCI denies the allegations.

13. RCI admits the allegations in paragraph 13.

14.     RCI admits the allegations in paragraph 14.

15.     RCI admits the allegations in paragraph 15.

## "TCPA BACKGROUND"

16.     Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, RCI denies all such allegations. Further answering, paragraph 16 purports to characterize the contents of writings that speak for themselves. RCI denies any allegations or inferences inconsistent with the plain language of those writings.

17.     Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required, RCI denies all such allegations. Further answering, paragraph 17 purports to characterize the contents of writings that speak for themselves. RCI denies any allegations or inferences inconsistent with the plain language of those writings.

18.     Paragraph 18 purports to characterize the contents of writings that speak for themselves. RCI denies any allegations or inferences inconsistent with the plain language of those writings.

19.     Paragraph 19 contains legal conclusions to which no response is required. To the extent a response is required, RCI denies all such allegations. Further answering, paragraph 19 purports to characterize the contents of writings

that speak for themselves. RCI denies any allegations or inferences inconsistent with the plain language of those writings.

20.     Paragraph 20 contains legal conclusions to which no response is required. To the extent a response is required, RCI denies all such allegations. Further answering, paragraph 20 purports to characterize the contents of writings that speak for themselves. RCI denies any allegations or inferences inconsistent with the plain language of those writings.

21.     Paragraph 21 contains legal conclusions to which no response is required. To the extent a response is required, RCI denies all such allegations. Further answering, paragraph 21 purports to characterize the contents of writings that speak for themselves. RCI denies any allegations or inferences inconsistent with the plain language of those writings.

22.     Paragraph 22 contains legal conclusions to which no response is required. To the extent a response is required, RCI denies all such allegations. Further answering, paragraph 22 purports to characterize the contents of writings that speak for themselves. RCI denies any allegations or inferences inconsistent with the plain language of those writings.

23.     Paragraph 23 contains legal conclusions to which no response is required. To the extent a response is required, RCI denies all such allegations. Further answering, paragraph 23 purports to characterize the contents of writings

that speak for themselves. RCI denies any allegations or inferences inconsistent with the plain language of those writings.

24.    Paragraph 24 contains legal conclusions to which no response is required. To the extent a response is required, RCI denies all such allegations. Further answering, paragraph 24 purports to characterize the contents of writings that speak for themselves. RCI denies any allegations or inferences inconsistent with the plain language of those writings.

25.    Paragraph 25 contains legal conclusions to which no response is required. To the extent a response is required, RCI denies all such allegations. Further answering, paragraph 25 purports to characterize the contents of writings that speak for themselves. RCI denies any allegations or inferences inconsistent with the plain language of those writings.

26.    Paragraph 26 purports to characterize the contents of writings that speak for themselves. RCI denies any allegations or inferences inconsistent with the plain language of those writings.

27.    Paragraph 27 contains legal conclusions to which no response is required. To the extent a response is required, RCI denies all such allegations. Further answering, paragraph 27 purports to characterize the contents of writings that speak for themselves. RCI denies any allegations or inferences inconsistent with the plain language of those writings.

28.     Paragraph 28, including footnote 1, contains legal conclusions to which no response is required. To the extent a response is required, RCI denies all such allegations. Further answering, paragraph 28 purports to characterize the contents of writings that speak for themselves. RCI denies any allegations or inferences inconsistent with the plain language of those writings.

29.     Paragraph 29 contains legal conclusions to which no response is required. To the extent a response is required, RCI denies all such allegations.

30.     Paragraph 30 contains legal conclusions to which no response is required. To the extent a response is required, RCI denies all such allegations. Further answering, paragraph 30 purports to characterize the contents of writings that speak for themselves. RCI denies any allegations or inferences inconsistent with the plain language of those writings.

31.     Paragraph 31 contains legal conclusions to which no response is required. To the extent a response is required, RCI denies all such allegations. Further answering, paragraph 31 purports to characterize the contents of writings that speak for themselves. RCI denies any allegations or inferences inconsistent with the plain language of those writings.

32.     Paragraph 32 contains legal conclusions to which no response is required. To the extent a response is required, RCI denies all such allegations. Further answering, paragraph 32 purports to characterize the contents of writings

that speak for themselves. RCI denies any allegations or inferences inconsistent with the plain language of those writings.

33.     Paragraph 33 contains legal conclusions to which no response is required. To the extent a response is required, RCI denies all such allegations. Further answering, paragraph 33 purports to characterize the contents of writings that speak for themselves. RCI denies any allegations or inferences inconsistent with the plain language of those writings.

34.     Paragraph 23 contains legal conclusions to which no response is required. To the extent a response is required, RCI denies all such allegations.

**"FACTUAL ALLEGATIONS"**

35.     RCI lacks sufficient knowledge and information to ascertain the truth of the allegations in paragraph 35 and, therefore, denies all such allegations.

36.     RCI lacks sufficient knowledge and information to ascertain the truth of the allegations in paragraph 36 and, therefore, denies all such allegations.

37.     RCI lacks sufficient knowledge and information to ascertain the truth of the allegations in paragraph 37 and, therefore, denies all such allegations.

38.     RCI lacks sufficient knowledge and information to ascertain the truth of the allegations in paragraph 38 and, therefore, denies all such allegations.

39.     RCI denies the allegations in paragraph 39.

40.     RCI denies the allegations in paragraph 40, including all of its subparts.

41.    RCI denies the allegations in paragraph 41.

42.    RCI denies the allegations in paragraph 42.

43.    RCI lacks sufficient knowledge and information to ascertain the truth of the allegations in paragraph 43 and, therefore, denies all such allegations. Further answering, RCI denies that it placed, or caused to be placed, the calls identified in the Complaint.

44.    RCI denies the allegations in paragraph 44.

45.    RCI lacks sufficient knowledge and information to ascertain the truth of the allegations in paragraph 45 and, therefore, denies all such allegations. Further answering, RCI denies that it placed, or caused to be placed, the calls identified in the Complaint or that the caller was an "RCI representative."

46.    RCI lacks sufficient knowledge and information to ascertain the truth of the allegations in paragraph 46 and, therefore, denies all such allegations. Further answering, RCI denies that it placed, or caused to be placed, the calls identified in the Complaint.

47.    RCI lacks sufficient knowledge and information to ascertain the truth of the allegations in paragraph 47 and, therefore, denies all such allegations. Further answering, paragraph 47 contains legal conclusions to which no response is required. To the extent a response is required, RCI denies all such allegations. Further

answering, RCI denies that it placed, or caused to be placed, the calls identified in the Complaint, or that the caller was an "RCI representative."

48.     RCI lacks sufficient knowledge and information to ascertain the truth of the allegations in paragraph 48 and, therefore, denies all such allegations. Further answering, RCI denies that it placed, or caused to be placed, the calls identified in the Complaint, or that it makes calls from a 706 area code.

49.     RCI lacks sufficient knowledge and information to ascertain the truth of the allegations in paragraph 49 and, therefore, denies all such allegations. Further answering, RCI denies that it placed, or caused to be placed, the calls identified in the Complaint.

50.     RCI lacks sufficient knowledge and information to ascertain the truth of the allegations in paragraph 50 and, therefore, denies all such allegations. Further answering, RCI denies that it placed, or caused to be placed, the calls identified in the Complaint.

51.     RCI lacks sufficient knowledge and information to ascertain the truth of the allegations in paragraph 51 and, therefore, denies all such allegations. Further answering, RCI denies that it placed, or caused to be placed, the calls identified in the Complaint.

52.     RCI denies the allegations in paragraph 52.

53.     RCI lacks sufficient knowledge and information to ascertain the truth of the allegations in paragraph 52 and, therefore, denies all such allegations. Further answering, paragraph 53 contains legal conclusions to which no response is required. To the extent a response is required, RCI denies all such allegations. Further answering, RCI denies that it placed, or caused to be placed, the calls identified in the Complaint.

54.     RCI denies the allegations in paragraph 54.

55.     RCI denies the allegations in paragraph 55. Further answering, RCI denies that it placed, or caused to be placed, the calls identified in the Complaint.

56.     RCI denies the allegations in paragraph 56. Further answering, paragraph 56 contains legal conclusions to which no response is required. To the extent a response is required, RCI denies all such allegations. Further answering, RCI denies that it placed, or caused to be placed, the calls identified in the Complaint.

57.     RCI denies the allegations in paragraph 57. Further answering, RCI denies that it placed, or caused to be placed, the calls identified in the Complaint.

58.     RCI denies the allegations in paragraph 58. Further answering, RCI denies that it placed, or caused to be placed, the calls identified in the Complaint.

59.     RCI denies the allegations in paragraph 59 and footnote 2.

60.     RCI denies the allegations in paragraph 60.

61.     RCI denies the allegations in paragraph 61. Further answering, RCI denies that it placed, or caused to be placed, the calls identified in the Complaint.

62.     RCI denies the allegations in paragraph 62.

63.     Each sentence of paragraph 63 contains legal conclusions to which no response is required. To the extent a response is required, RCI denies all such allegations. Further answering, paragraph 63 purports to characterize the contents of a writing that speaks for itself. RCI denies any allegations or inferences inconsistent with the plain language of the writing. Further answer, RCI denies that it placed, or caused to be placed, the calls identified in the Complaint.

64.     RCI denies the allegations in paragraph 64.

## "DEFENDANT'S LIABILITY"

65.     Paragraph 65 contains legal conclusions to which no response is required. To the extent a response is required, RCI denies all such allegations. Further answering, RCI denies that it placed, or caused to be placed, the calls identified in the Complaint.

66.     Paragraph 66 contains legal conclusions to which no response is required. To the extent a response is required, RCI denies all such allegations. Further answering, RCI denies that it placed, or caused to be placed, the calls identified in the Complaint.

-14-

67.     Paragraph 67 contains legal conclusions to which no response is required. To the extent a response is required, RCI denies all such allegations. Further answering, RCI denies that it placed, or caused to be placed, the calls identified in the Complaint.

68.     Paragraph 68 contains legal conclusions to which no response is required. To the extent a response is required, RCI denies all such allegations. Further answering, RCI denies that it placed, or caused to be placed, the calls identified in the Complaint.

69.     RCI denies the allegations in paragraph 69.

70.     Paragraph 70 contains legal conclusions to which no response is required. To the extent a response is required, RCI denies all such allegations. Further answering, RCI denies that it placed, or caused to be placed, the calls identified in the Complaint.

71.     RCI denies the allegations in paragraph 71.

72.     Paragraph 72 purports to characterize the contents of a writing that speaks for itself. RCI denies all allegations and inferences inconsistent with the plaint language of the writing.

73.     Paragraph 73 contains a bare citation to a writing that speaks for itself. To the extent paragraph 73 purports to characterize the contents of the writing, RCI

denies all allegations and inferences inconsistent with the plain language of the writing.

74.     Paragraph 74 purports to characterize the contents of a writing that speaks for itself. RCI denies all allegations and inferences inconsistent with the plain language of the writing.

## "CLASS ACTION ALLEGATIONS"

75.     Paragraph 75 contains legal conclusions to which no response is required. To the extent a response is required, RCI denies all such allegations. Further answering, RCI denies that the purported class definitions in paragraph 75, and class treatment itself, are appropriate in this matter. Further answering, RCI denies that it placed, or caused to be placed, the calls identified in the Complaint.

76.     Paragraph 76 identifies individuals or entities excluded from the class definitions in paragraph 75. RCI believes that no response is required to paragraph 76; however, to the extent that a response is required, RCI denies all such allegations. Further answering, RCI denies that class treatment is appropriate in this matter. Further answering, RCI denies that it placed, or caused to be placed, the calls identified in the Complaint.

77.     RCI denies the allegations in paragraph 77.  Further answering, RCI denies that class treatment is appropriate in this matter.

78.   RCI denies the allegations in paragraph 78.  Further answering, RCI denies that class treatment is appropriate in this matter.

79.   RCI denies the allegations in paragraph 79, including all of its subparts. Further answering, RCI denies that class treatment is appropriate in this matter.

80.   RCI denies the allegations in paragraph 80.  Further answering, RCI denies that class treatment is appropriate in this matter.

81.   RCI denies the allegations in paragraph 81, including all of its subparts. Further answering, RCI denies that class treatment is appropriate in this matter.

82.   RCI denies the allegations in paragraph 82.  Further answering, RCI denies that class treatment is appropriate in this matter.

83.   RCI denies the allegations in paragraph 83.  Further answering, RCI denies that class treatment is appropriate in this matter.

84.   RCI denies the allegations in paragraph 84.  Further answering, RCI denies that class treatment is appropriate in this matter.

85.   RCI lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 85 and, therefore, denies all such allegations. Further answering, RCI denies that class treatment is appropriate in this matter.

86.   RCI lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 86 and, therefore, denies all such allegations. Further answering, RCI denies that class treatment is appropriate in this matter.

87.    RCI denies the allegations in paragraph 87.  Further answering, RCI denies that class treatment is appropriate in this matter.

88.    RCI denies the allegations in paragraph 88.  Further answering, RCI denies that class treatment is appropriate in this matter.

89.    RCI denies the allegations in paragraph 89.  Further answering, RCI denies that class treatment is appropriate in this matter.

90.    RCI denies the allegations in paragraph 90.  Further answering, RCI denies that class treatment is appropriate in this matter.

**"FIRST CAUSE OF ACTION"**
**"Violations of the TCPA, 47 U.S.C. § 227(c)"**
**"(On Behalf of Plaintiff and the DNC Class)"**

91.    RCI denies the allegations in paragraph 91.

92.    RCI lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 92 and, therefore, denies all such allegations. Further answering, RCI denies that it placed, or caused to be placed, the calls identified in the Complaint.

93.    RCI lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 92 and, therefore, denies all such allegations. Further answering, RCI denies that it placed, or caused to be placed, the calls identified in the Complaint.

94.    RCI denies the allegations In paragraph 94.

-18-

95.     RCI denies the allegations in paragraph 95.

The remainder of the first Count of the Complaint contains Plaintiff's requested relief. RCI denies that any such relief is warranted. Further answering, RCI denies that class treatment is appropriate in this matter.

**"COUNT II"**
**"VIOLATIONS OF TCPA, 47 U.S.C. § 227 and 47 C.F.R. § 64.1200"**
**"(On Behalf of Plaintiff and the Internal DNC Class)"**

96.     Paragraph 96 purports to characterize the contents of a writing that speaks for itself. RCI denies all allegations and inferences inconsistent with the plain language of the writing.

97.     Paragraph 97 contains legal conclusions to which no response is required. To the extent a response is required, RCI denies all such allegations. Further answering, paragraph 97 purports to characterize the contents of a writing that speaks for itself. RCI denies all allegations and inferences inconsistent with the plain language of the writing.

98.     RCI lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 98 and, therefore, denies all such allegations.

99.     RCI denies the allegations in paragraph 99. Further answering, RCI denies that it placed, or caused to be placed, the calls identified in the Complaint.

100.    RCI denies the allegations in paragraph 100.

101.    RCI denies the allegations in paragraph 101.

102.   RCI denies the allegations in paragraph 102.

103.   RCI denies the allegations in paragraph 103.

The remainder of the second Count of the Complaint contains Plaintiff's requested relief. RCI denies that any such relief is warranted. Further answering, RCI denies that class treatment is appropriate in this matter.

## "PRAYER FOR RELIEF"

The remainder of the Complaint is a prayer for relief to which no response is required. To the extent that a response is required, RCI denies that it is liable to Plaintiff in any way and requests that the Complaint be dismissed with prejudice and that the Court enter judgment in RCI's favor on both Counts, that RCI be awarded its costs and expenses, and for such other relief as the Court deems proper.

WHEREFORE, having fully answered all allegations contained in the Complaint, RCI prays that:

(a)   Plaintiff takes nothing by her Complaint;

(b)   Plaintiff's claims be dismissed with prejudice and without cost to RCI;

(c)   RCI be granted such other and further relief, at law or in equity, as the Court deems appropriate.

This 22nd day of January, 2024.

[SIGNATURE FOLLOWS ON NEXT PAGE]

**SCRUDDER, BASS, QUILLIAN, HORLOCK, LAZARUS & ADELE LLP**

*/s/Matthew P. Lazarus*
Matthew P. Lazarus, Esq.
Georgia Bar No. 441590
James H. Manly, Jr.
Georgia Bar No.: 793538
900 Circle 75 Parkway, Suite 850
Atlanta, Georgia 30339
Telephone: (770) 612-9200
Facsimile: (770) 612-9201
mlazarus@scrudderbass.com
jmanly@scrudderbass.com

*Attorneys for Defendant RCI, LLC*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date presented the foregoing DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT to the Clerk of Court for filing and uploading to the CM/ECF electronic filing system, which will automatically send e-mail notice of such filing to the following attorneys of record:

John A. Love
**Love Consumer Law**
2500 Northwinds Parkway
Suite 330
Alpharetta, GA 30009
Email: tlove@loveconsumerlaw.com

Max Scott Morgan
**The Weitz Firm, LLC**
1515 Market Street
Ste #1100
Philadelphia, PA 19102
max.morgan@theweitzfirm.com

This 22nd day of January, 2024.

**SCRUDDER, BASS, QUILLIAN,
HORLOCK, TAYLOR & LAZARUS
LLP**

*/s/ Matthew P. Lazarus*
Matthew P. Lazarus
